## MILLER v HEILMAN et

Ohio Appeals, 6th Dist, Sandusky Co

No 281. Decided Oct 11, 1933

Culbert & Culbert, Fremont, and Benjamin F. James, Bowling Green, for plaintiff in error.

H. C. DeRan, Fremont, Harry Garn, Fremont, and Ben H. Dewey, Clyde, for defendants in error.

## OPINION

By THE COURT

On December 28, 1931 the plaintiff in error filed a petition in the Court of Common Pleas against the defendant in error, Hazel Heilman, and others, praying that an instrument purporting to be a deed from him and his wife for his interest in certain lands be cancelled of record, that said lands in which he claims an undivided one-third interest be partitioned and that an accounting be had as to rents and profits arising from the use thereof by others.

The first cause of action relates to the partition of the lands therein described in which he claims an undivided one-third interest; the second, to the desired accounting for rents and profits arising therefrom, and the third, to a deed purporting to convey on April 10th, 1901, his interest in the lands sought to be partitioned. A demurrer was sustained to this third cause of action and thereupon plaintiff in error, by leave of the court, amended his third cause of action, to which, as amended, a demurrer also was filed, the ground thereof being that "the facts therein stated do not constitute a cause of action." This demurrer was sustained, it being ordered and adjudged.

"By the court that the said Amended Third Cause of action set forth in the Sup-

plement and Amendment to the Petition, which sets forth the Amended Third cause of action, be and the same hereby is dismissed at the cost of the plaintiff; it is further ordered that the defendants recover of the plaintiff the costs herein expended taxed at $————, and that all other matters in this cause be and the same are hereby continued for the further order of this Court."

In neither the first nor second causes of action does plaintiff in error make any reference to the deed described in his third cause of action, but proceeds entirely upon the theory that he is the owner in fee simple of an undivided one-third of the lands sought to be partitioned.

In his third cause of action he alleges that the deed therein sought to be cancelled was forged, and that neither himself "nor his wife have ever made, executed or delivered" to the grantee therein "any conveyance for their interest in said land." It is not alleged in said cause of action as to when plaintiff in error learned of this purported deed, but does allege that the deed is a forged instrument and that plaintiff in error is the owner of an undivided interest in the land described therein in common with the other owners thereof.

Whether or not the plaintiff in error has been guilty of such laches in the prosecution of this cause of action as would preclude his right to proceed therewith, depends in our judgment upon the facts adduced at the trial. On its face, however, we think this cause of action as alleged is good as against a general demurrer.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded to that court with directions to overrule said demurrer and for further proceedings according to law.

Reversed and remanded.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.